Hely, J.
A. Introduction
The plaintiff was hit on the head by a falling sign while shopping in a Toys “R” Us store in Kingston. Her injuries were painful, disabling and long-lasting. The plaintiff brought a negligence action against Toys “R” Us in this court. The case went to trial. Toys “R” Us admitted liability in its opening statement. The jury found for the plaintiff and awarded damages of $1,200,000.
After the verdict the plaintiff filed the present separate case alleging that Toys “R” Us violated G.L.c. 93A and 176D by “bad faith settlement practices.” In particular, the plaintiff alleges that the defendant’s settlement offers before and during the negligence trial were bad faith responses to the plaintiffs settlement demands considering the defendant’s “clear liability” and the medical reports, including a medical report by a doctor retained by the defendant.
Toys “R” Us moved to dismiss on the ground that it is not engaged in the business of insurance. Both parties submitted without objection various documents showing facts pertinent to the issues raised in the motion. The facts material to these issues are not in dispute, and the court is treating the motion as a motion for summary judgment. The motion is allowed for the reasons stated below.
B. The Claim Against a Self-Insurer Under G.L.c. 93A and 176D
The legal duty “to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear” is a statutory duty. G.L.c. 176D, §3(9)(f); Clegg v. Butler, 424 Mass. 413, 418-19 (1997). The law does not impose a duty on all tort defendants to make settlement offers. Persons being sued generally have the right to take the case to trial .and to let the jury decide. Massachusetts Constitution, art. 15. Even if liability is clear, ordinary defendants in Massachusetts have the right to let the jury decide the damages. It is only persons “engaged in the business of insurance” who have the statutory duty to effectuate prompt, fair settlements when liability has become reasonably clear. G.L.c. 176D, § 1(a) and §3; Poznik v. Massachusetts Medical Professional Insurance Association, 417 Mass. 48, 51 (1994).
Toys “R” Us may be a self-insurer, but it is not a self-insurer “engaged in the business of insurance” under G.L.c. 176D, §§1 (a) and 3. Anzalone v. Massachusetts Bay Transportation Authority, 403 Mass. 119, 122 (1988); Bertrand v. Quincy Market Cold Storage & Warehouse Co., 728 F.2d 568, 571 (1st Cir. 1984); McMahon v. Digital Equipment Corp., 944 F.Sup. 70, 77 (D.Mass. 1996). The court recognizes that Anzalone, Bertrand, and McMahon also involve the principle that G.L.c. 93A does not apply to internal disputes within the same organization such as employee-employer disputes. The dispute between the plaintiff and Toys “R” Us in this case is not an internal dispute. Nevertheless, under G.L.c. 176D, §§l(a) and 3, and the applicable case law, a self-insurer is not subject to the statutory duty to effectuate a fair settlement unless it is a self-insurer “engaged in the business of insurance.”
The “business of insurance involves, profit driven business decisions about premiums, commissions, marketing, reserves and settlement policies and practices.” Poznik v. Massachusetts Medical Professional Insurance Association, 417 Mass. 48, 51 (1994). Toys “R” Us is no doubt profit driven. Toys “R” Us is also engaged in trade or commerce and subject to G.L.c. 93A, §2. But there is no evidence that Toys “R” Us engages in any insurance business except with itself. This is in contrast with the situation in Miller v. Risk Management Foundation of the Harvard Medical Institutions, Inc., 36 Mass.App.Ct. 411, 418 (1994). In Miller a claims facilitator corporation was “interposed between the insurer CRICO [a separate corporation] and the claimant.” In the present case Toys “R” Us is not a third-party intermediary; it is a single corporation that is both the tort defendant and a self-insurer handling its own claims matters. By including the “business of insurance” element in Chapter 176D, the Legislature limited the statutory settlement duty to insurers who engage in the business activity of offering insurance services in the marketplace to persons other than themselves.
The plaintiff has presented no evidence that Toys “R” Us engages in any insurance business activities other than insuring itself and handling claims against itself. As a tort defendant not engaged in the business of providing insurance services to persons other than itself, Toys “R” Us had no legal duly to the plaintiff under G.L.c. 93A and 176D to make a settlement offer. The defendant is entitled to a judgment as a matter of law.
*135 C. Order
The defendant’s motion to dismiss is treated as a motion for summary judgment, and it is allowed. A judgment of dismissal will enter for the defendant.